UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>DOROTHY, et al.,<br><br>Defendants. | No. 2:21–cv–2176–TLN–CKD PS<br><br><br><br>ORDER TO SHOW CAUSE |

    Plaintiff, who is proceeding without counsel in this action, was granted leave to proceed in forma pauperis ("IFP") on January 10, 2022. (ECF No. 4.) However, in screening the case pursuant to 28 U.S.C. § 1915(e)(2), the court found plaintiff's complaint unsuitable for service and ordered plaintiff to file an amended complaint addressing the problems identified. (Id.)

    The court granted plaintiff two extensions of time, making the amended complaint due by April 8, 2022. (ECF Nos. 7, 9.) That deadline has now passed without plaintiff filing an amended complaint or requesting a further extension to do so.

    Plaintiff's other recent filings indicate that he is communicating on some level with counsel for the County of El Dorado, which employs the librarians named as defendants in the original complaint. (ECF Nos. 8, 10.) Most recently, on March 22, 2022, plaintiff filed a certificate of service that appears to indicate that a copy of the court's January 10th screening order was served on defendants and County counsel. (ECF No. 10.) Therein, plaintiff asserts

1

"evasive behaviors" in response to the court's order to give full names of the defendants being sued. (Id.)

The court's January 10th screening order indeed noted that the full names of the defendant librarians (originally listed by first names only) would be required, <u>if an amended complaint were ultimately found suitable for service</u>. (ECF No. 4 at 9 n.2.) The screening order primarily described several substantive problems with the complaint, which plaintiff must still address by filing an amended complaint with the court in order to move this case forward. (Id. at 4-9.)

Defendants are not yet required to respond to this suit because plaintiff has yet to provide a complaint suitable for service under the IFP statute. See 28 U.S.C. § 1915(e)(2). <u>The only required next step is for plaintiff to file an amended complaint that addresses the problems identified in the January 10th screening order</u>. Even if plaintiff is unable to provide the full names of the defendants at this point, he should still proceed to file an amended complaint with as much identifying information as he possesses. Plaintiff should focus on fixing the substantive problems explained in the January 10th screening order. The court will then deal with any service logistics issues later—if the amended complaint sufficiently states a legal claim making it suitable for service.

Plaintiff's failure to file an amended complaint by the April 8, 2022 deadline is grounds for the court to recommend that this action be dismissed outright under Federal Rule of Civil Procedure 41(b). However, in light of plaintiff's self-represented status and the court's desire to resolve the action on the merits, the court first attempts lesser sanctions by issuing this order to show cause.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Within 30 days of the date of this order, plaintiff shall show cause in writing why this action should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to comply with the court's order and failure to file an amended complaint;

////

2. Plaintiff's filing within that 30-day deadline of a First Amended Complaint (or a notice of voluntary dismissal) in compliance with the undersigned's January 10, 2022 order shall satisfy this order to show cause;

3. Failure to timely comply with the terms of this order will result in a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

4. The Clerk of Court is instructed to enclose with this order to show cause a courtesy copy of the January 10, 2022 order (ECF No. 4) previously served on plaintiff.

Dated:  April 18, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.vand.2176