UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>            Plaintiff,<br><br>      v.<br><br>DOROTHY, et al.,<br><br>            Defendants. | No.  2:21–cv–2176–TLN–CKD PS<br><br>ORDER GRANTING LEAVE TO FURTHER AMEND |

    Plaintiff, who is proceeding without counsel in this action, was granted leave to proceed in forma pauperis ("IFP") on January 10, 2022. (ECF No. 4.) However, in screening the case pursuant to 28 U.S.C. § 1915(e)(2), the court found plaintiff's complaint unsuitable for service and ordered plaintiff to file an amended complaint addressing the problems identified. (Id.)

    When the extended deadline for filing an amended complaint passed, the court on April 18, 2022 issued an order for plaintiff to show cause within 30 days why the case should not be dismissed—instructing that the filing of an amended complaint that complied with the court's January 10, 2022 screening order would satisfy the order to show cause. (ECF No. 11.) Instead of filing anything resembling an amended complaint, plaintiff filed another unnecessary certificate of service on April 29, 2022 (ECF No. 12) and a document titled in part as "Show of Causes of Injuries by the El Dorado County Library Staffs" on May 11, 2022 (ECF No. 13).

////

1

The court cannot understand what plaintiff is trying to say in his Show of Causes of Injuries filing, but the court interprets it as an attempt to comply with the order to show cause. Therefore, the court will extend plaintiff one final opportunity to file a "First Amended Complaint" addressing the defects explained in the court's January 10, 2022 screening order (another copy of which is enclosed with this order).

As stated in the April 18, 2022 order to show cause, even if plaintiff is unable to provide the full names of the defendant librarians at this point, he should still proceed to file an amended complaint with as much identifying information as he possesses. The main necessity is for plaintiff to fix the substantive problems explained in the January 10th screening order by filing a First Amended Complaint that:

(1) Explains what each defendant did to contribute to his suspension(s);

(2) Explains what conduct or activity plaintiff was engaging in at the library that caused the library staff to suspend him;

(3) Describes the nature of the suspension(s) he received, including (a) when he was suspended, (b) how long he was suspended, and (c) whether he was suspended from one library, several library branches, or all public libraries in the county; and

(4) Explains when and how he was informed of his suspension(s), whether he received any advance notice, and whether and how he was able to respond to the library's proposed or actual suspension of his admission privileges.[1]

This will be plaintiff's last chance to file a First Amended Complaint and proceed with this lawsuit. Plaintiff is again informed that the court cannot refer to a prior complaint or other filing in order to make the First Amended Complaint complete. See Local Rule 220.

////

////

////

---

[1] If plaintiff has a copy of any written notice of suspension from the library, it would be helpful to attach the notice to the amended complaint, or at least describe its contents.

# ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. **Within 30 days** of the date of this order, plaintiff shall file a First Amended Complaint (or a notice of voluntary dismissal) in compliance with the undersigned's January 10, 2022 screening order;
2. Failure to timely comply with the terms of this order will result in a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the court's orders and failure to file an amended complaint; and
3. The Clerk of Court is instructed to enclose with this order another courtesy copy of the January 10, 2022 order (ECF No. 4) previously served on plaintiff.

Dated:  June 2, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.vand.2176