UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>DOROTHY, et al.,<br><br>Defendants. | No. 2:21–cv–2176–TLN–CKD PS<br><br>ORDER GRANTING LEAVE TO FURTHER AMEND |

Plaintiff, who is proceeding without counsel in this action,[1] was granted leave to proceed in forma pauperis ("IFP") on January 10, 2022. (ECF No. 4.) However, in screening the case pursuant to 28 U.S.C. § 1915(e)(2), the court found plaintiff's complaint unsuitable for service and ordered plaintiff to file an amended complaint addressing the problems identified. (Id.)

Since then, the court has granted plaintiff multiple extensions of time and responded to plaintiff's various filings in an effort to facilitate his submission of an amended complaint that addresses the defects identified in the court's January 10, 2022 screening order. (ECF Nos. 7, 9, 11, 14.) On August 15, 2022, plaintiff finally filed a document that clearly qualifies as a First Amended Complaint ("FAC"). (ECF No. 17.) However, while the FAC qualifies in form, it fails in substance. Accordingly, in re-screening the FAC as required by § 1915(e)(2), the court again

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

finds it unsuitable for service and grants plaintiff one more opportunity to amend.

**Legal Standards**

Pursuant to the IFP statute, federal courts must screen IFP complaints and dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

In addition, Rule 8 of the Federal Rules of Civil Procedure requires pleadings to include: (1) "a short and plain statement of the grounds for the court's jurisdiction" and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court must dismiss a case if, at any time, it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

////

Pleadings by self-represented litigants are liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Lopez, 203 F.3d at 1130-31. Nevertheless, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Background & FAC Allegations**

Plaintiff originally filed this action against three librarians of the El Dorado County Public Library for suspending him from the County Library for some amount of time. (ECF No. 1.) The original complaint did not specify any particular causes of action, but the court liberally construed the allegations as attempting to assert a First Amendment claim and/or a Due Process Clause claim under 42 U.S.C. § 1983. (ECF No. 4 at 3.) In the screening order, the court explained the requirements for stating each of these constitutional claims and the reasons that the complaint did not currently meet those requirements. (Id. at 4-8.) The court also explained that the complaint lacked necessary factual details describing what exactly happened to plaintiff, when it happened, and who was involved. (Id. at 8-9.) The court granted plaintiff leave to amend, instructing him on the proper format and content of any amended complaint; and the court informed plaintiff that the court would be unable to refer to a prior complaint or other filing in order to make an amended complaint complete, given that an amended complaint would take the place of the original. (Id. at 9-10.)

In April 2022, when plaintiff failed to file an amended complaint by the first extended deadline, the court issued an order to show cause why the case should not be dismissed for failure to prosecute. (ECF No. 11.) In June 2022, in response to further filings from plaintiff that did not constitute amended complaints, the court issued an order granting plaintiff another opportunity to file any first amended complaint. (ECF No. 14.) The order listed the specific substantive problems that plaintiff would need to address in any amended complaint and again reminded him that "the court [could not] refer to a prior complaint or other filing in order to make the First Amended Complaint complete." (Id. at 2, citing Local Rule 220).

On July 5, 2022, plaintiff filed a document which seemed to be an attempt to respond to the court's April 2022 order to show cause and which also referred to itself as an "Amended complaint." (ECF No. 16 at 1, 12.) The July 5th filing sporadically complained of rude treatment plaintiff experienced at the library and a one-week suspension of his library access (id. at 3, 8, 11) alongside a recitation of all 27 amendments to the U.S. Constitution. Before the court took any action on that filing, on August 15, 2022, plaintiff filed the FAC that is now before the court for re-screening. (ECF No. 17.)

The FAC continues to list two of the original librarians as defendants (Krystal Owens and "Dorthy"), as well as the El Dorado County Public Library and an individual named Michael Joerski (or Loerski, the typeface is partially obscured) whom plaintiff identifies as a "Transient/Homeless 'Drunkard.'" (Id. at 1-2.) The FAC continues to assert federal question jurisdiction, without specifying any federal statute or constitutional provision. (Id. at 3.) Plaintiff fails to give any responses in the sections of the form requesting critical details about where the events giving rise to the claim(s) occurred, the date and time of their occurrence, and what happened to give rise to the claim(s). (Id. at 4-5.) Elsewhere, plaintiff references his "#30 evictions [sic] from the public library" and complains that defendant Michael is "foul smelling" and abuses alcohol. (Id. at 5.) Plaintiff requests damages of $75,000 because "life has become incredibly unbearable." (Id. at 6.)

Importantly, plaintiff also attaches to the FAC a letter on County Library letterhead dated August 11, 2022, addressed to plaintiff and signed by defendant Krystal Owens, the Library Circulation Supervisor. (Id. at 7.) The letter informs plaintiff that he is being "excluded from the library and library grounds at all El Dorado County Libraries for 30 days," ending on September 10, 2022. (Id.) The letter explains that plaintiff was suspended because "[y]our behavior on 8/11/22 violated our Standards of Behavior Policy," which standards are also attached to the complaint. (Id. at 7-9.) Specifically, the letter states that plaintiff "used profane language loudly and disruptively in the library multiple times" in violation of the Standards prohibiting "obscene, harassing, abusive language or gestures." (Id. at 7.) The letter concludes by stating that "the rest of [plaintiff's] behavior from today 8/11/22 which includes possible

threats of violent behavior will be reviewed by County Counsel and may result in further action." (Id.)

The FAC and prior filings reflect that plaintiff is living without a home and relies on the public libraries to file and litigate his various civil lawsuits.[2]

**Analysis**

But for the inclusion of the August 2022 suspension letter, the undersigned would not hesitate to recommend outright dismissal of this action. Plaintiff has totally failed to comply with the court's detailed instructions as to how he might fix the problems in his original complaint and potentially state a claim regarding his library suspension(s). It is now clear that plaintiff lacks a viable claim for violation of his First Amendment rights, but because it appears he may be able to state a claim for violation of his Fourteenth Amendment due process rights the court gives plaintiff one further chance to submit a compliant pleading.

### 1. *No Claim Against Defendant Loerski/Joerski*

First, the FAC fails to state a claim of any sort against defendant Michael Loerski, or Joerski, the so-called "drunkard." There is no federal cause of action based on encountering bad smells or inebriated individuals in a public place. Further, the FAC identifies no basis for diversity jurisdiction to assert some sort of state law claim, see 28 U.S.C. § 1332(a); and even if a state law claim existed, it is doubtful that the requirements of supplemental jurisdiction would be met because plaintiff does not explain how any claim against Loerski/Joerski is related to his claims against the library and its staff, see 28 U.S.C. § 1367(a).

Therefore, plaintiff cannot proceed with a claim against defendant Loerski/Joerski in any second amended complaint unless he specifies a viable federal cause of action or some other basis for the court's subject matter jurisdiction over that claim.

////

////

---

[2] As a result, plaintiff's responses to court orders are often delayed. In recognition of plaintiff's difficult position, this order sets a more lenient deadline for amending the complaint—especially given that plaintiff is currently barred from using the computers and other resources at his local public library system.

### 2. *No First Amendment Claim*

Second, although the court initially believed that plaintiff might be able to state a colorable First Amendment claim for his library suspension(s), this FAC shows that he cannot. See Kreimer v. Bureau of Police for Town of Morristown, 958 F.2d 1242, 1255 (3d Cir. 1992) (First Amendment's protection of the "right to receive information and ideas" encompasses "the right to some level of access to a public library."). As explained in the original screening order, a library's enforcement of a rule against harassing others or noisy activities does not violate the First Amendment, provided it is applied reasonably. See id. at 1263 (applying "reasonableness" standard and noting that "[p]rohibiting disruptive behavior is perhaps the clearest and most direct way to achieve maximum library use."); Grant-Davis v. Bd. of Trustees of Charleston Cty. Pub. Libr., No. 2:15-CV-2676-PMD-MGB, 2017 WL 9360875, at *22-23 (D.S.C. May 24, 2017) (dismissing First Amendment claim where plaintiff was denied access to library for having violated its rules prohibiting "loud unreasonable, and or disturbing actions" and "[t]hreatening behavior toward another person, either verbally or physically"); Brinkmeier v. City of Freeport, No. 93 C 20039, 1993 WL 248201, at *5 (N.D. Ill. July 2, 1993) ("[A] rule which prohibits disruptive behavior in a public library is at least conceptually inoffensive to the First Amendment.").

Based on the contents of the August 2022 suspension letter, this is precisely the reason for at least plaintiff's most recent suspension—the only one described in the FAC. (See ECF No. 17 at 7, stating plaintiff was being suspended for "us[ing] profane language loudly and disruptively in the library multiple times" and making "possible threats of violent behavior.") Thus, the FAC once again fails to state a viable First Amendment claim.

Because plaintiff was already granted several opportunities to state a First Amendment claim and has been unable to do so, plaintiff is not granted further leave to amend to assert a First Amendment claim.

### 3. *Potential Due Process Claim*

By contrast, the August 2022 suspension letter suggests that plaintiff may still be able to adequately state a procedural due process claim under the Fourteenth Amendment, based on the

suspension of his library privileges without proper notice or procedural safeguards.

The Due Process Clause provides that no person shall be deprived of life, liberty or property without due process of law. In analyzing a procedural due process claim, a court must determine (1) whether the claimant has been deprived of a liberty or property interest protected by the Constitution; and (2) if so, whether the procedures surrounding that deprivation were constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). A person may be constitutionally deprived of a liberty interest if afforded due process. Pinnacle Armor, Inc. v. United States, 648 F.3d 708, 716 (9th Cir. 2011). Thus, to adequately state a procedural due process claim, the plaintiff must allege facts to plausibly show both that (1) he had a constitutionally protected property or liberty interest, and (2) he was deprived of that interest without the necessary procedural protections.

As explained in the original screening order, "a suspension of several weeks to a month, barring plaintiff from any public library in the county, would likely raise a colorable liberty interest sufficient for screening purposes." (ECF No. 4 at 7.) See Neinast v. Bd. of Trustees of Columbus Metro. Libr., 346 F.3d 585, 598 (6th Cir. 2003) (assuming without discussion that at least some process is due even for a one-day eviction from library, and holding that library had provided sufficient process where patron received notice of the charges against him and an opportunity to present his side of the story). The August 2022 suspension letter reflects that plaintiff was suspended for one month and was suspended from all libraries within the County Library system. Without deciding that such a suspension necessarily implicates a liberty interest, it is at least sufficient for screening purposes.

As to the second element, in determining what amount of process is due before a government actor may deprive a citizen of liberty or property, courts balance three factors: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest." Mathews, 424 U.S. at 335. "The essential requirements of due process . . . are notice and an opportunity to respond." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985).

The August 2022 suspension letter suggests to the court that plaintiff might be able to allege that he received insufficient process regarding his one-month suspension. Although the letter itself constitutes notice of the charges, the dates listed in the letter indicate that plaintiff was issued the letter on the same day that he was suspended. (ECF No. 17 at 7, letter dated 8/11/22 regarding conduct on 8/11/22.) Thus, it is unclear whether plaintiff had an opportunity to respond to the charges before being suspended; and based on the attached Standards of Behavior Policy, it does not appear that plaintiff had an opportunity to respond or to appeal the charges after being suspended (see id. at 9 & 11, referencing procedure for requesting "reconsideration of suspensions that are 3 months or longer").

If plaintiff can describe the events leading up to his receipt of the August 2022 suspension letter—or other suspensions of similar length—he may be able to allege a violation of due process, provided he can allege in good faith that he was not given "an opportunity to present his side of the story" to the library staff. Goss v. Lopez, 419 U.S. 565, 581 (1975); see Grant-Davis, 2017 WL 9360875, at *24 (citing cases requiring opportunity for plaintiff to tell his side of the story).

The court cannot tell from the current FAC or the suspension letter whether the librarian(s) on duty discussed plaintiff's behavior with him before he was issued the suspension or whether plaintiff was posing a danger to others at the time. Cf. Goss, 419 U.S. at 582 (disciplinarian discussing misconduct informally within minutes of occurrence and "notice" satisfies the due process "hearing" requirement for short-term school suspensions so long as student is first told what is he accused of doing and what the basis of the accusation is); see id. (no pre-removal hearing required for "[s]tudents whose presence poses a continuing danger to persons or property or an ongoing threat of disrupting the academic process" and they "may be immediately removed from school" with notice and hearing following soon afterward).

As before, the FAC contains insufficient factual allegations to state a claim for violation of the Due Process Clause. However, if plaintiff can simply describe what happened to him at the library on August 11, 2022, he likely could state such a claim for purposes of screening. Accordingly, plaintiff is granted this final opportunity to amend the complaint to add the

necessary factual details to support a due process claim based on this August 11th suspension, or any earlier suspensions he wishes to specify in a second amended complaint.

### 4. *Need for More Specific Allegations & Instructions for Further Amendment*

The FAC itself contains even fewer factual allegations than did the original complaint. Plaintiff must tell the court and the defendants what happened to him, when it happened, how each individual defendant was involved, and what legal cause(s) of action plaintiff is asserting. Although the Federal Rules adopt a flexible pleading policy, a complaint must give each defendant fair notice of what the claim is against them and the grounds on which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Fed. R. Civ. P. 8(a) (requiring a "short and plain statement" of (1) the grounds for the court's jurisdiction and (2) the claim showing that plaintiff is entitled to relief). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Although some helpful factual details appear across the various other filings plaintiff has submitted in this case, plaintiff must present all of his facts within the second amended complaint. As previously cautioned, the court cannot refer to a prior complaint or other filing in order to make an amended complaint complete. <u>Should plaintiff again fail to comply with the pleading requirements of Rule 8, the undersigned will recommend dismissal of this action without further leave to amend.</u>

If plaintiff elects to file an amended complaint, this new pleading shall be captioned as the "Second Amended Complaint" and must set forth each of plaintiff's legal causes of action in separate sections clearly identifying which defendant(s) are allegedly at fault for each claim, and clearly identifying what legal cause of action is being asserted (for example: Claim I against defendants X, Y, and Z for "Due Process Violation," under 42 U.S.C. § 1983). Under each section, plaintiff must then list the specific factual allegations supporting that particular claim. (For brevity, plaintiff may refer to specific prior paragraphs.) For each claim, plaintiff must allege what specific conduct defendant(s) engaged in, when the conduct occurred, and how the conduct harmed him. However, the statement of the claim should be kept relatively "short."

////

////

Again, plaintiff is permitted (but not required) to attach any suspension notices he received in connection with whichever suspensions he is challenging. For each suspension being challenged, plaintiff should list:

(A) the date of his charged misconduct,

(B) the nature of his charged misconduct,

(C) whether and how he was informed of his misconduct,

(D) the date and manner in which he received notice of the suspension,

(E) which librarian(s) issued the suspension or otherwise participated in suspending him, and

(F) the length and scope of his suspension (how long and from which locations).

Finally, nothing in this order requires plaintiff to file a second amended complaint. If plaintiff determines that he is unable to amend the complaint in compliance with the court's order, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. **Within 60 days** of the date of this order, plaintiff shall file a Second Amended Complaint (or a notice of voluntary dismissal) in compliance with this order; and

2. Failure to timely comply with the terms of this order will result in a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the court's orders and failure to file an amended complaint.

Dated: September 2, 2022

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

19.vand.2176