UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOROTHY, et al.,<br><br>　　　　Defendants. | No. 2:21–cv–2176–TLN–CKD PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS |

Plaintiff, who is proceeding without counsel in this action,[1] was granted leave to proceed in forma pauperis ("IFP") on January 10, 2022 (ECF No. 4.) The court has now granted plaintiff two opportunities to amend his complaint and multiple extensions of time. (ECF Nos. 7, 9, 11, 14, 19.) As set forth below, plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the court recommends dismissing plaintiff's SAC without leave to amend. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

**Legal Standards**

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

In addition, Rule 8 of the Federal Rules of Civil Procedure requires pleadings to include: (1) "a short and plain statement of the grounds for the court's jurisdiction" and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court must dismiss a case if, at any time, it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).  A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pleadings by self-represented litigants are liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Lopez, 203 F.3d at 1130-31.  Nevertheless, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Background**

Plaintiff originally filed this action against three librarians of the El Dorado County Public Library for suspending him from the County Library.  (ECF No. 1.)  The original complaint did

not specify any particular cause of action.  However, the court liberally construed the allegations as attempting to assert a First Amendment claim and/or a Due Process Clause claim under 42 U.S.C. § 1983.  (ECF No. 4 at 3.)  In the screening order, the court explained the requirements for stating First Amendment and Due Process Clause claims under Section 1983, and the reasons that plaintiff's complaint fell short, including that the complaint lacked sufficient details to support a plausible claim for relief.  (Id. at 4-8.)

In April 2022, when plaintiff failed to file an amended complaint by the first extended deadline, the court issued an order to show cause why the case should not be dismissed for failure to prosecute.  (ECF No. 11.)  In June 2022, in response to further filings from plaintiff that did not constitute amended complaints, the court issued an order granting plaintiff another opportunity to file any first amended complaint.  (ECF No. 14.)  The order listed the specific substantive problems that plaintiff would need to address in any amended complaint and again reminded him that "the court [could not] refer to a prior complaint or other filing in order to make the First Amended Complaint complete."  (Id. at 2, citing Local Rule 220).

On August 15, 2022, plaintiff filed a First Amended Complaint (FAC). (ECF No. 17.) Plaintiff's FAC was entirely unresponsive to the court's initial order giving plaintiff leave to amend.  (ECF No. 19 at 5) ("[p]laintiff has totally failed to comply with the court's detailed instructions as to how he might fix the problems in his original complaint and potentially state a claim regarding his library suspension(s).")  However, plaintiff did include a letter with the FAC, indicating that plaintiff had been banned from the library for 30 days.  (Id.)  Because of the letter, the court liberally construed the allegations as attempting to assert a Due Process Clause claim under 42 U.S.C. § 1983.  (ECF No. 19.)  In its second screening order, the court specifically stated that in order to state a due process claim, plaintiff needed to state whether he had 'an opportunity to present his side of the story' to the library staff" and gave plaintiff leave to amend. (See ECF No. 19.)  On September 2, 2022, the court dismissed plaintiff's First Amended Complaint (FAC) with leave to amend because plaintiff's complaint failed to state a claim on which relief may be granted.  (ECF No. 19.)

Plaintiff filed a Second Amended Complaint (SAC) on September 26, 2022.  (ECF No.

3

20.) Much like the FAC, plaintiff's SAC failed to include additional details, including whether plaintiff had an opportunity to present his side of the story.

**Analysis**

As explained in prior screening orders, to state a procedural due process claim, a plaintiff must allege two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest; and (2) denial of adequate procedural protections. (ECF Nos. 4, 19;) see also Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998). In the context of procedural due process claims, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." Zinermon v. Burch, 494 U.S. 113, 125 (1990). In determining what amount of process is due before a government actor may deprive a citizen of liberty or property, courts balance three factors: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest." Matthews v. Eldridge, 424 U.S. 319, 335.

As recognized by the court in two prior screening orders, a library suspension of several weeks to a month, barring plaintiff from any public library in the county, would likely raise a colorable liberty interest sufficient for screening purposes. (ECF Nos. 4, 19;) see also Neinast v. Bd. of Trustees of Columbus Metro. Libr., 346 F.3d 585, 598 (6th Cir. 2003) (assuming without discussion that at least some process is due even for a one-day eviction from library, and holding that library had provided sufficient process where patron received notice of the charges against him and an opportunity to present his side of the story).

Although plaintiff's claim states that he may have been deprived of a liberty interest, plaintiff has not alleged any facts that would allow the court to infer that he was deprived of that interest without the necessary procedural protections. Zinermon, 494 U.S. at 125. Thus, plaintiff fails to state a claim upon which relief can be granted and the court must dismiss the complaint. Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

Plaintiff was warned that another failure to comply with the pleading requirements of Rule 8 will result in the undersigned's recommendation of dismissal of this action without further leave to amend. (ECF No. 19 at 9) ("[s]hould plaintiff again fail to comply with the pleading requirements of Rule 8, the undersigned will recommend dismissal of this action without further leave to amend.")  The court has already given plaintiff two opportunities to file his complaint and multiple requests for extension.  Further, nothing in plaintiff's two notices filed since the SAC indicate plaintiff has heeded the court's guidance on providing further information.  Therefore, the undersigned recommends that this case be dismissed with prejudice for failure to state a claim.

### RECOMMENDATIONS

Accordingly, IT IS RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 13, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,vand.2176